1  **FOLEY & LARDNER LLP**
   555 S. FLOWER STREET, SUITE 3500
   LOS ANGELS, CA 90071-2411
2  TELEPHONE: 213.972.4500
   FACSIMILE: 213.486.0065

3  JOHN G. YSLAS CA BAR NO. 187324
   JYSLAS@FOLEY.COM
4  JEREMY C. WOODEN CA BAR NO. 253088
   JWOODEN@FOLEY.COM
5  KEVIN E. HYDE FL BAR NO. 0768235 (PRO HAC VICE
   APPLICATION FORTHCOMING)
   ONE INDEPENDENT DRIVE, SUITE 1300
6  JACKSONVILLE, FL 32202-5017
   TELEPHONE: 904.359.2000
   FACSIMILE: 904.359.8700
7
   ATTORNEYS FOR DEFENDANT ACOSTA, INC,

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11  LISA HUMAN, an individual on behalf of    ) Case No. **CV 10- 00237-ODW(RC)**
    herself and on behalf of all persons       )
12  similarly situated,                         )
                                                ) **NOTICE OF REMOVAL OF ACTION**
13            PLAINTIFF,                         ) **UNDER 28 U.S.C. § 1332 (DIVERSITY OF**
                                                ) **CITIZENSHIP)**
14       V.                                      )
                                                )
15  ACOSTA, INC., a Delaware corporation        )
    conducting business in the State of         )
16  California; AND DOES 1-10.                   )
                                                )
17            DEFENDANT.                         )
                                                )
18  _____   )

19

20       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21            Defendant, Acosta, Inc. ("Acosta"), files this Notice of Removal

22  containing a short and plain statement of the grounds for removal as required by 28

23  U.S.C. §1441 and 1446, and states:

24  1.    Acosta is the Defendant in an action filed in the Superior Court for the State

25        of California In and For the County of Los Angeles, styled *Lisa Human v.*

26        *Acosta, Inc.*, Case Number BC426689 (the "Action"). Acosta is a Delaware

27        corporation, with its principal place of business is in the State of Florida.

28  2.    On November 23, 2009, Plaintiff, Lisa Human ("Plaintiff") filed a

                                   NOTICE OF REMOVAL OF ACTION
                                                    CASE NO.

JACK_1701786.1

Complaint against Acosta. Plaintiff's Complaint purported to allege a cause of action accruing in Los Angeles County, California and alleging violations of various state laws including Cal. Lab. Code §§510, 515, 1194, 1198 (failure to pay overtime compensation); Cal. Lab. Code §§226.7, 512 (alleging failure to provide rest periods); Cal. Lab. Code §§201-03 (alleging failure to pay wages when due); Cal. Lab. Code §226(a) (alleging failure to comply with itemized employee wage statement provisions); Cal. Bus. & Prof. Code §17200 *et seq.* (alleging unfair competition); and Cal. Lab. Code §2802 (alleging failure to compensate for employee's expenditures). At all times relevant to this suit, Plaintiff was a resident of the State of California.

3.      Acosta executed a Notice and Acknowledgement of Receipt on December 14, 2009.

4.      The date on or before which the California Rules of Civil Procedure require Acosta to file a response to Plaintiff's Complaint has not lapsed. Pursuant to 28 U.S.C. §1446, this Notice of Removal is timely filed.

5.      Pursuant to 28 U.S.C., §1332(a)(1), §1441 and §1446, Acosta has the right to remove the Action from the Superior Court for Los Angeles County to the United States Court for the Central District of California, Los Angeles, California, which embraces the place where the Action is pending.

6.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332. The action is of a civil nature in which there exists diversity of citizenship between Acosta, a Delaware corporation, and Plaintiff, who is a citizen and resident of California, and upon information and belief, the amount in controversy is in excess of $75,000.00, exclusive of costs and interest. Specifically, the Plaintiff has sought compensatory damages, unpaid overtime, recoupment for unpaid expenses, various statutory penalties, and attorney's fees under the various California statutes enumerated.

7.      Alternatively, Acosta states removal is appropriate pursuant to 28 U.S.C.

2

§1332(d), including for the following reasons. Plaintiff estimates the proposed class is larger than the approximately 200 people currently employed as Retail Coverage Merchandisers. Given the four year time period applicable to the proposed class, the putative class may approach 400 people. Plaintiff's claim seeks statutory penalties of up to $4,000 for each class member for failure to properly itemize pay stubs, thirty days wages for failure to timely pay wages, additional wages for unpaid overtime, a one hour penalty for each day breaks were not provided, recoupment for cell phone and internet expenses, compensatory damages, and attorney's fees. In the aggregate, these exceed the jurisdictional amount of 28 U.S.C. §1332(d).[1]

8.    Pursuant to the provisions of 28 U.S.C. §1446, Acosta attaches hereto a copy of the summons and complaint which comprises all process, pleadings, papers and orders, if any, now on file with the state court and served upon defendant.

9.    By reason of the foregoing, Acosta hereby removes this action from the Superior Court of Los Angeles County to the United States District Court for the Central District of California.

10.   Written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law.

---

[1] Even at California's minimum wage, a minimum claim for each putative plaintiff is $16,000. The one month's wages is a minimum of $1,400. Assuming cell phone and internet expenses average a minimum of $100 per month, that amount totals $4,800 per putative plaintiff. A one hour per day penalty for unpaid breaks for four years is approximately $8,400. The statutory penalty for failure to itemize wage statements is up to $4,000. A claim of one hour per week of overtime for four years is approximately $2,500. Given the number of putative plaintiffs, the inclusion of attorney's fees, claims for compensatory damages, and the likelihood that some putative plaintiffs will claim more than one hour of overtime per week or expenses greater than $100 per month, the amount-in-controversy easily exceeds the amount specified by 28 U.S.C. §1332(d). Acosta denies Plaintiff's entitlement to any damages.

3

NOTICE OF REMOVAL OF ACTION
CASE NO.

11.    A true copy of this Notice will be filed with the Clerk of the Superior Court of Los Angeles County as provided by law.

12.    This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

WHEREFORE, Defendant, Acosta, Inc., prays that the action be removed to this Court and that this Court accept jurisdiction of the action and henceforth that the action be placed on the docket of this Court for further proceedings, the same as though the action had originally been instituted in this Court.

Dated:  January 13, 2010

FOLEY & LARDNER, LLP
JOHN G. YSLAS
JEREMY C. WOODEN


By:  _____
John G. Yslas
ATTORNEYS FOR DEFENDANT,
ACOSTA, INC.

4

NOTICE OF REMOVAL OF ACTION
CASE NO.

SUM-100

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 23 2009

John A Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ACOSTA, INC., a Delaware corporation conducting business in the State of California, and DOES 1 to 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LISA HUMAN, an individual on behalf of herself and on behalf of all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
600 South Commonwealth Ave.
Los Angeles, CA 90005

CASE NUMBER: *(Número del Caso):*
BC426689

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen B. Morris                MORRIS AND ASSOCIATES
444 West C Street, Ste 300       (619) 239-1300
San Diego, CA 92101

DATE:                           Clerk, by                              , Deputy
*(Fecha)*                       *(Secretario)*       AMBER LaFLEUR-CLAYTON    *(Adjunto)*

JOHN A CLARKE CLERK

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOV 23 2009

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A
Page 5

Human v. Acosta, Inc.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____    BC 426689

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Pending Assignment | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Carl J. West*** | **311** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*****Class Actions**

All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 10/09)
LASC Approved 05-06



### NOTICE OF CASE ASSIGNMENT –
### UNLIMITED CIVIL CASE

Page 1 of 2

### EXHIBIT A
### Page 6

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May <u>Not</u> Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May <u>Not</u> Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**EXHIBIT A**
**Page 7**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Human v. Acosta | BC 4 2 6 6 8 9 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1 , 2 , 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1 , 2 , 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1 , 2 , 3 , 4 , 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1 , 2 , 4.<br>1 , 2 , 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1 , 2 , 4<br>1 , 2 , 4.<br>1 , 2 , 3<br>1 , 2 , 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1 , 2 , 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1 , 2 , 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1 , 2 , 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1 , 2 , 3 |

LACIV 109 (Rev. 01/07)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

COPY

**EXHIBIT A**
**Page 8**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Human v. Acosta | |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1 , 2 , 3<br>1 , 2 , 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2 , 3 |
| Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1 , 2 , 3 |
| Other Employment<br>(15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1 , 2 , 3 <br>10 |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2 , 5<br>2 , 5<br>1 , 2 , 5<br>1 , 2 , 5 |
| Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2 , 5 , 6<br>2 , 5 |
| Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1 , 2 , 5 , 8 |
| Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1 , 2 , 3 , 5<br>1 , 2 , 3 , 5<br>1 , 2 , 3 , 8 |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2 |
| Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2 , 6 |
| Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2 , 6<br>2 , 6<br>2 , 6 |
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2 , 6 |
| Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2 , 6 |
| Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2 , 6 |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2 , 6 |
| Petition re Arbitration<br>(11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2 , 5 |

Left margin labels (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Employment | Contract | Real Property | Unlawful Detainer | Judicial Review

**EXHIBIT A**
**Page 9**

| SHORT TITLE | CASE NUMBER |
|-------------|-------------|
| Human v. Acosta | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3 |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8 |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8<br>1., 2., 8<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9<br>2.<br>2., 7.<br>2., 3., 4., 8<br>2., 9. |

**EXHIBIT A**
**Page 10**

| SHORT TITLE<br>Human v. Acosta | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS<br>1634 North Clybourne Ave. | |
|---|---|---|
| CITY<br>Burbank | STATE<br>CA | ZIP CODE<br>91505 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the County_____ courthouse in the Central_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 11/9/09_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 4 of 4

EXHIBIT A
Page 11

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Stephen B. Morris                               126192
MORRIS AND ASSOCIATES
444 West C Street, Ste 300
San Diego, CA 92101
TELEPHONE NO. (619) 239-1300   FAX NO. (619) 234-3672
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 23 2009

John A Clarke, Executive Officer/Clerk
By _____, Deputy
A. CLEFLEUR-CLAYTON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS 600 South Commonwealth Ave.
MAILING ADDRESS
CITY AND ZIP CODE Los Angeles, CA 90005
BRANCH NAME Central Civil West

CASE NAME: Human v. Acosta, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER BC 4 2 6 6 8 9 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE<br><br>DEPT |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 9, 2009

Stephen B. Morris
(TYPE OR PRINT NAME)                          ▶  _____
                                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Human v. Acosta, Inc.

1    Stephen B. Morris (SBN 126192)
     **MORRIS and ASSOCIATES**
2    444 West C Street, Suite 300
     San Diego, California 92101
3    Tel: (619) 239-1300
     Fax: (619) 234-3672
4    morris@sandiegolegal.com

5    Walter Haines (SBN 71075)
     **UNITED EMPLOYEES' LAW GROUP, P.C.**
6    65 Pine Avenue, #312
     Long Beach, CA 90802
7    Tel: (877) 696-8378

8    Attorneys for Plaintiffs

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 23 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
KEITH LEFLEUR-CLAYTON

BC 426689

9

10    **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

11    **IN AND FOR THE COUNTY OF LOS ANGELES**

12    LISA HUMAN, an individual on behalf of )    CASE NO.
      herself and on behalf of all persons    )    ORIGINAL COMPLAINT FOR DAMAGES
13    similarly situated,                      )    AND RELIEF
                                               )
14         Plaintiffs,                         )    **1.    FAILURE TO PAY OVERTIME**
                                               )    **COMPENSATION**
15    vs.                                      )    [Cal. Lab. Code §§510, 515, 1194, 1198]
                                               )
16    ACOSTA, INC., a Delaware corporation     )    **2.    FAILURE TO PROVIDE REST**
      conducting business in the State of      )    **PERIODS**
17    California, and Does 1 to 10.            )    [Cal. Lab. Code §§226.7, 512]
                                               )
18         Defendants.                         )    **3.    FAILURE TO PROVIDE WAGES**
                                               )    **WHEN DUE**
19                                             )    [Cal. Lab. Code §§201-203];
                                               )
20                                             )    **4.    FAILURE TO COMPLY WITH**
                                               )    **ITEMIZED EMPLOYEE WAGE**
21                                             )    **STATEMENT PROVISIONS**
                                               )    [Cal. Lab. Code §226(a)];
22                                             )
                                               )    **5.    UNFAIR COMPETITION**
23                                             )    [Cal. Bus. & Prof. Code §17200, *et seq.*]; and
                                               )
24                                             )    **6.    FAILURE TO COMPENSATE FOR**
                                               )    **EMPLOYEES' EXPENDITURES**
25                                             )    [Cal. Lab. Code §2802]
                                               )
26                                             )    <u>**CLASS ACTION**</u>
                                               )
27                                             )    <u>**DEMAND FOR A JURY TRIAL**</u>
                                               )
28                                             )

---

Human v. Acosta, Inc.                                          1                                    Complaint



**EXHIBIT A**
**Page 13**

1    Plaintiff LISA HUMAN, an individual on behalf of herself and on behalf of all persons

2    similarly situated (hereinafter "PLAINTIFF"), alleges that this class action is brought on behalf of

3    present and former Retail Coverage Merchandisers "employed in California by Defendant

4    ACOSTA, INC." (hereinafter "ACOSTA, INC."). All allegations in this Complaint are based

5    upon information and belief except for those allegations which pertain to the PLAINTIFF named

6    herein and her counsel. Each allegation in this Complaint either has evidentiary support or is

7    likely to have evidentiary support after a reasonable opportunity for further investigation and

8    discovery.

9

10                              **I. INTRODUCTION**

11    1.    This is a Class Action, filed pursuant to Code of Civil Procedure §382, on behalf of

12    the Plaintiff and all individuals who hold or held the position of "Retail Coverage Merchandisers"

13    who are employed by, or formerly were employed by, Defendant ACOSTA, INC. within the State

14    of California.

15    2.    Plaintiff was and is, at all relevant times, an employee of Defendant and brings this

16    action as a class action on behalf of herself and all others similarly situated.

17    3.    For at least four (4) years prior to the filing of this action, and continuing to the

18    present, Defendant has had a consistent policy of failing to pay wages, including overtime wages,

19    to Retail Coverage Merchandisers for all hours worked.

20    4.    From at least four (4) years prior to the filing of this action and continuing to the

21    present, Defendant has had a consistent policy of failing to provide Retail Coverage

22    Merchandisers within the State of California, including the Plaintiff, rest periods of at least ten

23    (10) minutes per four (4) hours worked or major fraction therefore and failing to pay such

24    employees one (1) hour of pay at the employees' regular rate of compensation for each workday

25    that the rest period was not provided as required by California wage and hour laws.

26    5.    Plaintiff, on behalf of herself and all Class Members, pursuant to Business and

27    Professions Code §§17200-17208, also seeks injunctive relief, restitution and disgorgement of all

28    benefits Defendant enjoyed from its failure to pay overtime, rest period compensation and

1    necessary expenditures.

2        6.        Plaintiff, on behalf of herself and all Class Members, brings this action pursuant to

3    Labor Code §§201-203, 226, 226.7, 510, 512, 515, 1194, 1198, and 2802 and California Code of

4    Regulations Title 8, §11040, seeking unpaid wages, rest meal period compensation, restitution,

5    penalties, injunctive and other relief, and reasonable attorneys fees and costs.

6        7.        Plaintiff has complied with the notice requirements of Labor Code, Section

7    2699.3(a)(l), regarding a violation of sections 201-203, 226, 226.7, 510, 512, 515, 1194, 1198,

8    and 2802 of the Labor Code, prior to commencing this action.  A copy of the letter sent to the

9    California Labor & Workforce Development Agency on September 29, 2009, via certified mail,

10   and copied to Defendant, on the same date, via certified mail, in accordance with Section

11   2699.3(a)(l) is attached hereto, as Exhibit "A", and by reference thereto incorporated herein.

12       8.        To date, the Labor & Workforce Development Agency has not responded to the

13   notice letter set forth in paragraph 7 above (i.e., Exhibit "A").  Pursuant to Labor Code section

14   2699.3 (a)(2)(A), it has been more than 33 calendar days from the postmark date of the notice

15   letter.

16

17                                        **II. PARTIES**

18   A.    <u>**PLAINTIFFS**</u>

19       9.        Venue as to each Defendant is proper in this judicial district, pursuant to Cal. Code

20   Civ. Proc. §395.  The unlawful acts alleged herein have a direct effect on Plaintiff and those

21   similarly situated within the State of California.

22       10.       LISA HUMAN is a resident of California, employed within the Class Period as a

23   Retail Coverage Merchandiser by ACOSTA, INC. and a member of the Class as defined herein.

24       11.       Plaintiff and the Class regularly:

25            (a)        Did not receive wages for all the hours worked;

26            (b)        Were required to work over eight (8) hours per day and forty (40) hours per

27                       week without being provided premium overtime pay rates;

28            (c)        Were required to work without being provided a minimum of ten (10)

---

Human v. Acosta, Inc.                          3                                    Complaint

1    minutes rest period for every four (4) hours or major fraction thereof worked

2    and not being compensated one (1) hour of pay at their regular rate of

3    compensation for each workday that a rest period was not provided;

4    (d)    Did not receive reimbursement for necessary business expenditures.

5    **B.    DEFENDANTS**

6    12.    Defendant ACOSTA, INC., is a Delaware corporation which does business and is

7    located in the State of California. Defendant employs Plaintiff and employs/employed similarly

8    situated persons within California.  Acosta, Inc.'s Headquarters are located at 6600 Corporate

9    Center Parkway, Jacksonville, Florida 32216.

10    13.    The true names and capacities, whether individual, corporate, associate, or

11    otherwise, of Defendants sued herein as DOES 1-10, inclusive, are currently unknown to Plaintiff,

12    who therefore sues Defendants by such fictitious names under Cal. Code Civ. Proc. §474.

13    Plaintiff alleges that each of the Defendants designated herein as a DOE is legally responsible in

14    some manner for the unlawful acts referred to herein.  Plaintiff seeks leave of court to amend this

15    Complaint to reflect the true names and capacities of the Defendants designated hereafter as

16    DOES when such identities become known.

17    14.    Plaintiff alleges that each Defendant acted in all respects pertinent to this action as

18    the agent of the other Defendants, carried out a joint scheme, business plan or policy in all

19    respects pertinent hereto, and the acts of each defendant are legally attributable to the other

20    Defendants. Further, Defendants in all respects acted as the employer and/or joint employer of

21    Plaintiff and the Class.

22

23    **III. FACTUAL BACKGROUND**

24    15.    Plaintiff and the Class are, and at all times pertinent hereto, have been non-exempt

25    employees within the meaning of the California Labor Code, and the implementing rules and

26    regulations of the California IWC Wage Orders.  Defendant hires employees who work as Retail

27    Coverage Merchandisers.

28    16.    Plaintiff and the Class were not compensated for all hours that they worked.

---

Human v. Acosta, Inc.                                4                                Complaint

1    Plaintiff and the Class were not provided rest breaks and not reimburse for necessary business

2    expenditures.

3         17.    Plaintiff and the Class have not been provided rest periods for work days in excess

4    of three and one-half (3 ½) hours and were not compensated one (1) hour's wages in lieu thereof.

5         18.    Plaintiff and the Class are, and at all times pertinent hereto, have been non-exempt

6    employees within the meaning of the California Labor Code and the implementing rules and

7    regulations of the IWC California Wage Orders.

8         19.    Plaintiff and the Class are covered by California Industrial Wage Commission

9    Occupational Wage Order No. 4-2001, California Industrial Welfare Commission Order No. 4

10   (Title 8, Cal. Code of Reg. §11040).

11

12                    **IV. CLASS ACTION ALLEGATIONS**

13        20.    Plaintiff brings this action on behalf of herself and all others similarly situated as a

14   Class Action pursuant to §382 of the Code of Civil Procedure. Plaintiff seeks to represent a class

15   defined as follows:

16            "All California residents who are current and former employees of
             ACOSTA, INC. who held any position described as "Retail Coverage
17            Merchandisers" who were not paid wages for all hours worked as
             required by the applicable Labor Code and Industrial Welfare
18            Commission ("IWC") Wage Order Requirements in any pay period
             that is within the applicable limitations period pursuant to law. The
19            Class includes only those employes who did not receive the
             applicable wages for a pay period in any given week during the period
20            commencing on the date that is within four (4) years prior to the filing
             of this Complaint and through the present date (the "Wage Class
21            Period"), and who were not paid the applicable wages pursuant to the
             applicable California Labor Code ("Labor Code") and IWC Wage
22            Order Requirements."

23   To the extent equitable tolling operates to toll claims by the Class against Defendant, the Class

24   period should be adjusted accordingly. The class includes all such persons, whether or not they

25   were paid by commission, by salary, or by part commission and part salary. Plaintiff reserves the

26   right under Rule 3.765 of the California Rules of Court to amend or modify the class description

27   with greater specificity or further division into subclasses or limitation to particular issues.

28        21.    In addition, the CLASS consists of all California residents who are current and

former employees of ACOSTA, INC. who held any position described as "Retail Coverage Merchandisers" who were not provided with overtime pay as required by the applicable Labor Code and Industrial Welfare Commission ("IWC") Wage Order Requirements in any pay period that is within the applicable limitations period pursuant to law. The Class includes only those employees who worked more the than eight (8) hours in any given day and/or more than forty (40) hours in any given week during the period commencing on the date that is within four (4) years prior to the filing of this Complaint and through the present date (the "Overtime Class Period"), and who were not paid overtime compensation pursuant to the applicable California Labor Code ("Labor Code") and IWC Wage Order Requirements. To the extent equitable tolling operates to toll claims by the CLASS against Defendants, the Overtime Class Period should be adjusted accordingly.

22.     The CLASS also consists of all California residents who are current and former employees of ACOSTA, INC. who held any position as "Retail Coverage Merchandisers" who were not provided with rest periods as required by the applicable Labor Code and IWC Wage Order Requirements in any given week that is within the applicable limitations period pursuant to law, and through the present date (the "Rest Class Period"). To the extent equitable tolling operates to toll claims by the CLASS against Defendants, the Rest Class Period should be adjusted accordingly.

23.     The CLASS also consists of all California residents who are current and former employees of ACOSTA, INC. who held any position as "Retail Coverage Merchandisers" who were not reimbursed for necessary business expenditures as required by the applicable Labor Code and IWC Wage Order Requirements in any given week that is within the applicable limitations period pursuant to law, and through the present date (the "Reimburse Class Period"). To the extent equitable tolling operates to toll claims by the CLASS against Defendants, the Reimburse Class Period should be adjusted accordingly.

24.     This action has been brought and may properly be maintained as a class action under the provision of §382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

---

Human v. Acosta, Inc.                              6                              Complaint

## A.    NUMEROSITY

25.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes and thereon alleges that the Defendant employed over 200 Retail Coverage Merchandisers at any given time.

26.    Accounting for employee turnover during the relevant period necessarily increases the number of Class members substantially.  Defendant's employment records will provide information as to the number and location of all Class members.  Joinder of all members of the proposed Class is not practicable.

## B.    COMMONALITY

27.    There are questions of law and fact common to the Class that predominates over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a)    Whether Defendant violated Labor Code §1197, Wage Order 4-2001, or other applicable IWC Wage Orders, and Cal. Code of Regs., Title 8, section 11040 by failing to pay wages for all hours worked;

b)    Whether Defendant violated Labor Code §§510, 515, 1194 and 1198, Wage Order 4-2001, or other applicable IWC Wage Orders, and Cal. Code of Regs., Title 8, section 11040 by failing to pay overtime compensation;

c)    Whether Defendant violated Labor Code §§226.7 and 512, Wage Order 4-2001, or other applicable IWC Wage Orders, and Cal. Code of Regs., Title 8, section 11040 by failing to provide daily rest period for every three and one half (3 ½) hours worked and failing to compensate said employees one (1) hour's wages in lieu of rest periods;

d)    Whether Defendant violated Labor Code §2802 by failing to reimburse the class for necessary business expenditures.

e)    Whether Defendant violated Labor Code §§201-203 by failing to pay compensation

1  due and owing at the time that any Class Member's employment with the Defendant

2  was terminated:

3  f)  Whether Defendant violated §17200, et seq., of the Business and Professions Code

4  by engaging in the acts previously alleged; and

5  g)  Whether Plaintiff and the members of the Class are entitled to restitution pursuant

6  to Business and Professions Code §17200, et seq.

7  **C.  TYPICALITY**

8  28.  The claims of the named Plaintiff are typical of the claims of the Class.  Plaintiff

9  and all members of the Class sustained injuries and damages arising out of and caused by

10  Defendant's common course of conduct in violation of laws, regulations and orders that have the

11  force and effect of law and statutes as alleged herein.

12

13  **D.  ADEQUACY OF REPRESENTATION**

14  29.  Plaintiff will fairly and adequately represent and protect the interests of the

15  members of the Class. Counsel who represents Plaintiff is competent and experienced in class

16  action litigation, including class action litigation of hour and wage claims.

17

18  **E.  SUPERIORITY OF CLASS ACTION**

19  30.  A class action is superior to other available means for the fair and efficient

20  adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

21  questions of law and fact common to the Class predominate over any questions affecting only

22  individual members of the Class. Each member of the class has been damaged and is entitled to

23  recovery by reason of Defendants' illegal policy and/or practice of denying Class Members proper

24  compensation.

25  31.  Class action treatment will allow those similarly situated persons to litigate their

26  claims in the manner that is most efficient and economical for the parties and the judicial system.

27  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

28  action that would preclude its maintenance as a class action.

---

# FIRST CAUSE OF ACTION

### For Failure To Pay Overtime Compensation
[Cal. Lab. Code §§510, 515.5, 1194 and 1198]
(By the CLASS and Against all Defendants)

32.    PLAINTIFF incorporates the allegations of the preceding paragraphs as though set forth here in full.

33.    Cal. Lab. Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

34.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

35.    ACOSTA, INC. has intentionally and improperly denied PLAINTIFF, and other members of the CLASS, payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

36.    At all times relevant hereto, from time to time, the PLAINTIFF, and the other members of the CLASS, have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a work week.

37.    At all times relevant hereto, Defendant ACOSTA, INC. failed to pay PLAINTIFF, and the other members of the CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198. In fact, PLAINTIFF, and the other members of the CLASS, were regularly required to work overtime hours.

38.    By virtue of ACOSTA INC.'s unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CLASS, for their overtime hours, the PLAINTIFF, and the other members of the CLASS, have suffered, and will continue to suffer, damages in amounts

1  which are presently unknown to them but which exceed the jurisdictional limits of this Court and

2  which will be ascertained according to proof at trial.

3      39.    PLAINTIFF, and the other members of the CLASS, are informed and believe, and

4  based upon that information and belief allege, that ACOSTA, INC. knew or should have known

5  that PLAINTIFF, and the other members of the CLASS, were not compensated for their overtime

6  labor.

7      40.    PLAINTIFF, and the other members of the CLASS, request recovery of overtime

8  compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §§

9  218.5 and 1194(a), as well as the assessment of any statutory penalties against Defendant

10  ACOSTA, INC., in a sum as provided by the Cal. Lab. Code and/or other statutes.  Further,

11  PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover reasonable

12  attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

13

14  **SECOND CAUSE OF ACTION**

15  **For Failure To Provide Rest Periods**
**[Cal. Lab. Code §§ 226.7 and 512]**
16  **(By the CLASS and Against All Defendants)**

17      41.    PLAINTIFF incorporates the allegations of the preceding paragraphs as though set

18  forth here in full.

19      42.    Cal. Lab. Code § 226.7 provides that employers shall authorize and permit

20  employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of

21  work.

22      43.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee

23  rest periods in accordance with this section, the employer shall pay the employee one (1) hour of

24  pay at the employee's regular rate of compensation for each workday that the rest period is not

25  provided.

26      44.    ACOSTA, INC. has intentionally and improperly denied rest periods to

27  PLAINTIFF, and other members of the CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.

28      45.    At all times relevant hereto, the PLAINTIFF, and other members of the CLASS,

---

Human v. Acosta, Inc.              10              Complaint

1  have worked more than four (4) hours in a workday.  At all times relevant hereto, ACOSTA, INC.

2  failed to provide rest periods as required by Cal. Lab. Code §§ 226.7 and 512.

3        46.    By virtue of ACOSTA, INC.'s unlawful failure to provide rest periods to them,

4  PLAINTIFF, and other members of the CLASS, have suffered, and will continue to suffer,

5  damages in amounts which are presently unknown to them, but which exceed the jurisdictional

6  limits of this Court and which will be ascertained according to proof at trial.

7        47.    PLAINTIFF, and the other members of the CLASS, are informed and believe, and

8  based upon that information and belief allege, that ACOSTA, INC. knows or should have known

9  that the PLAINTIFF, and the other members of the CLASS, were entitled to meal periods and rest

10  periods but purposely elected not to provide these mandated periods.

11        48.    PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover

12  reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 226.7 and 512.

13

14  **THIRD CAUSE OF ACTION**

15  **For Failure to Pay Wages When Due**
16  **[Cal. Lab. Code § 203]**
<br>**(By the CLASS and Against All DEFENDANTS)**

17        49.    PLAINTIFF incorporates the allegations of the preceding paragraphs as though set

18  forth here in full.

19        50.    Cal. Lab. Code § 200 provides that:

20        As used in this article:

21        (a)    "Wages" includes all amounts for labor performed by employees of

22        every description, whether the amount is fixed or ascertained by the

23        standard of time, task, piece, commission basis, or other method of

24        calculation.

25        (b)    "Labor" includes labor, work, or service whether rendered or

26        performed under contract, subcontract, partnership, station plan, or

27        other agreement if the labor to be paid for is performed personally by

28        the person demanding payment.

51.    Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

52.    Cal. Lab. Code § 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

53.    Many of the CLASS member's employment has been terminated and DEFENDANT has not tendered restitution of wages owed.

54.    Therefore, as provided by Cal. Lab. Code § 203, PLAINTIFF and the other members of the CLASS, demand thirty (30) days of pay as penalty for not paying all wages due at the time of termination for all employees whose employment terminated during the CLASS PERIOD and demand an accounting and payment of all wages due, plus interest, as provided by Cal. Lab. Code § 218.6 plus attorneys fees and interest as allowed by law.

**FOURTH CAUSE OF ACTION**

**Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**
**(By the CLASS and against All Defendants)**

55.    PLAINTIFF incorporates the allegations of the preceding paragraphs as though set forth here in full.

56.    Cal. Lab. Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1)    gross wages earned,

(2)    total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3)    the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4)    all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5)    net wages earned,

(6)    the inclusive dates of the period for which the employee is paid,

(7)    the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8)    the name and address of the legal entity that is the employer, and

(9)    all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

57.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226, in that DEFENDANT failed to properly and accurately itemize the number of hours worked by PLAINTIFF, and the other members of the CLASS at the effective regular rates of pay and the

1  effective overtime rates of pay.

2      58.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code §

3  226, causing damages to PLAINTIFF, and the other members of the CLASS. These damages

4  include, but are not limited to, costs expended calculating the true hours worked and the amount

5  of employment taxes which were not properly paid to state and federal tax authorities. These

6  damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CLASS

7  seek to recover liquidated damages of $50.00 for the initial pay period in which the violation

8  occurred, and $100.00 for each violation in subsequent pay periods pursuant to Cal. Lab. Code §

9  226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for

10  each PLAINTIFF and each respective member of the CLASS herein) plus reasonable attorney's

11  fees and costs pursuant to Cal. Lab. Code § 226(g).

12                          **FIFTH CAUSE OF ACTION**

13                        **For Unlawful Business Practices**
                  **[Cal. Bus. And Prof. Code §§ 17200 et seq.]**
14                    **(By the CLASS and against All Defendants**

15      59.    PLAINTIFF incorporates the allegations of the preceding paragraphs as though set
16  forth here in full.

17      60.    ACOSTA, INC. is a "person" as that term is defined under Cal. Bus. and Prof. Code
18  §17201.

19      61.    Cal. Bus. And Prof. Code § 17200 defines unfair competition as any unlawful,
20  unfair, or fraudulent business act or practice.

21      62.    At all times relevant hereto, by and through the conduct described herein,
22  ACOSTA, INC. has engaged in unfair and unlawful practices by failing to pay PLAINTIFF, and

23  the other members of the CLASS, overtime, has failed to provide rest breaks and has failed to

24  reimburse them for necessary business expenditures, pursuant to the applicable Cal. Lab. Code,

25  and Industrial Welfare Commission requirements in violation of Cal. Bus. and Prof. Code §

26  17200 et seq., and has thereby deprived PLAINTIFF, and the other members of the CLASS, of

27  fundamental rights and privileges.

28

---

63.     By and through the unfair and unlawful business practices' described herein, ACOSTA, INC. has obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

64.     All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 et seq.

65.     PLAINTIFF, and the other members of the CLASS, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendant ACOSTA, INC. has acquired, or of which PLAINTIFF, and other members of the CLASS, have been deprived, by means of the above described unfair and unlawful business practices.

66.     PLAINTIFF, and the other members of the CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that an injunctive relief should be issued restraining ACOSTA, INC. from engaging in any of the above described unfair and unlawful business practices in the future.

67.     PLAINTIFF, and the other members of the CLASS, have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of ACOSTA, INC. As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CLASS, have suffered and will continue to suffer irreparable harm unless ACOSTA, INC. is restrained from continuing to engage in these unfair and unlawful business practices. In addition, ACOSTA, INC. should be required to disgorge the unpaid moneys to PLAINTIFF, and the other members of the CLASS.

**SIXTH CAUSE OF ACTION**

**For Failure to Compensate for Employee's Expenditures**
**[Cal. Lab. Code §2802]**
**(By the CLASS and against All Defendants)**

1

2    68.    PLAINTIFF incorporates the allegations of the preceding paragraphs as though set

3    forth here in full.

4    69.    Cal Lab. Code §2802 provides that an employer "shall indemnify his or her

5    employee for all necessary expenditures or losses incurred by the employee in direct consequence

6    of the discharge of his or her duties, or of his or her obedience to the directions of the employer,

7    even though unlawful, unless the employee, at the time of obeying the directions, believed them to

8    be unlawful."

9    70.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 2802, in that

10   DEFENDANT failed to properly compensate PLAINTIFF and the other members of the CLASS

11   for necessary business expenditures.

12   71.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code §

13   2802, causing damages to PLAINTIFF, and the other members of the CLASS.  These damages

14   include, but are not limited to, costs expended for cell phone and internet use for work.

15   72.    By virtue of ACOSTA INC.'s unlawful failure to pay for expenditures for

16   PLAINTIFF, and the other members of the CLASS, for use of their cell phone and internet for

17   work, the PLAINTIFF, and the other members of the CLASS, have suffered, and will continue to

18   suffer, damages in amounts which are presently unknown to them but which exceed the

19   jurisdictional limits of this Court and which will be ascertained according to proof at trial.

20

21                                 **PRAYER**

22   WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

23   severally, as follows:

24

25                         **ON FIRST CAUSE OF ACTION**

26   A)    For compensatory damages, including lost wages, commissions, bonuses, and other

27           losses, during the period commencing on the date that is within four (4) years prior

28           to the filing of this Complaint according to proof;

---

| | | |
|---|---|---|
| 1 | B) | For general damages, according to proof; |
| 2 | C) | For an award of interest, including prejudgment interest at the legal rate; |
| 3 | D) | For statutory damages, including reasonable attorneys' fees and cost of suit. |
| 4 | | |

**ON SECOND CAUSE OF ACTION**

A) One (1) hour of pay for each workday in which a rest period was not provided for each four (4) hours of work during the period commencing on the date that is within four (4) years prior to the filing of this Complaint, provided, however, that if the Supreme Court in the Kenneth Cole Productions case, S140308, determines that Labor Code 226.7 is subject to a one (1) year limitations period, then PLAINTIFF seeks penalties for the year preceding filing of the Complaint and until the class is certified;

B) For attorneys' fees and costs.

**ON THIRD CAUSE OF ACTION**

A) For thirty (30) days of pay as a penalty for not paying all wages due at the time of termination of employment for PLAINTIFF and members of the CLASS whose employment terminated within three (3) years of the filing of the Complaint until the date of entry of judgment as provided for by Cal. Lab. Code §§ 201 -203;

B) For attorneys' fees and costs.

**ON FOURTH CAUSE OF ACTION**

A) For liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Cal. Lab. Code § 226 (but in no event more than $4,000.00 for each PLAINTIFF and each respective member of the CLASS herein);

B) For attorney's fees and costs.

EXHIBIT A
Page 29

1    A)    For restitution and/or restitutionary disgorgement;

2    B)    For injunctive relief ordering the continuing unfair business acts and practices to

3    cease, or as the Court otherwise deems just and proper;

4    C)    For other injunctive relief ordering ACOSTA, INC. to notify the CLASS that they

5    have not been paid the proper amounts required in accordance with California law.

### ON SIXTH CAUSE OF ACTION

A)    For compensatory damages, for necessary expenditures or loss, during the period commencing on the date that is within four (4) years prior to the filing of this Complaint according to proof;

B)    For an award of interest, including prejudgment interest at the legal rate;

C)    For statutory damages, including reasonable attorneys' fees and cost of suit.

### ON ALL CAUSES OF ACTION

A)    For such other and further relief as the Court deems just and proper.

Dated:    November 9, 2009    MORRIS AND ASSOCIATES

By:    *Stephen Morris*

STEPHEN B. MORRIS, Attorney for Plaintiff

Human v. Acosta, Inc.    18    Complaint

# EXHIBIT A





*Morris and Associates*
444 W. "C" Street, Suite 300
San Diego, CA 92101
Phone: (619) 239.1300
Fax: (619) 234.3672
morris@sandiegolegal.com


Stephen B. Morris, APC

September 28, 2009

**VIA CERTIFIED MAIL**

California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

     Re:    Acosta, Inc., 6600 Corporate Center Parkway, Jacksonville, Florida 32216,
            Violations of IWC Wage Orders and Labor Code, including sections 201-203,
            226, 226.7, 510. 512, 515, 1194, 1198, 2802

Dear Sir or Madam:

     This law firm represents Lisa Human, an employee of Acosta Inc., whose main office is
located at 6600 Corporate Center Parkway, Jacksonville, Florida 32216.

     In compliance with Labor Code § 2699.3(a) (1), and your agency's right to investigate
these violations, this letter shall serve as notice that we are preparing to enforce our client's right
to recover earned, but unpaid wages; our client's right to obtain accurate and complete wage
statements and our intent to assert all relevant penalties under the Labor Code including but not
limited to §§ 203, 210, 226(f) and 1174.5.

     Our client asserts that she did not receive compensation for all the hours she worked
including overtime hours worked in that she worked in excess of eight (8) hours per day and forty
(40) hours/week on a regular basis (violation of Labor Code §§ 1194, 1198 and 510). In addition,
our client's employer failed to compensate her for expenditures (violation of Labor Code §
2802). Furthermore our client was not permitted rest breaks as mandated by law during the
course of the employment relationship. (Violation of Labor Code §§ 226.7 and 512). Finally, our
client asserts she did not receive accurate and complete wage statements, despite the fact that
such statements were requested (Violation of Labor Code § 1174 and 226(a)).



**EXHIBIT A**
**Page 32**





California Labor & Workforce Development Agency
September 28, 2009
Page 2

    Pending a full investigation, any later discovered violations may be added which we intend to enforce in accordance with the Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698-2699.5.

    In view of the duties imposed on your agency and this office by the statutes cited above, please be advised we will advance our calendar thirty (30) days of the date of this letter.

              Sincerely,

              Stephen B. Morris

cc:    Acosta, Inc. (Per LC § 2699.3, via Certified Mail)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 12/17/09 | | | | | DEPT. 311 |
|---|---|---|---|---|---|
| HONORABLE CARL J. WEST | JUDGE | E. SABALBURO | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | | Reporter |

| 8:30 am | BC426689 | | Plaintiff Counsel | | |
| | LISA HUMAN | | | NO APPEARANCES | |
| | VS | | Defendant | | |
| | ACOSTA INC | | Counsel | | |
| | NON-COMPLEX (12-17-09) | | | | |

**NATURE OF PROCEEDINGS:**


COURT ORDER


This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Terry A. Green in Department 14 at Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 14 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 311 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 311 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.


                CLERK'S CERTIFICATE OF MAILING/
                  NOTICE OF ENTRY OF ORDER



                Page   1 of   2   DEPT. 311

```
MINUTES ENTERED
12/17/09
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 12/17/09 | | DEPT. 311 |
|---|---|---|
| HONORABLE CARL J. WEST | JUDGE E. SABALBURO | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff NONE | Reporter |

| 8:30 am | BC426689 | | |
|---|---|---|---|
| | LISA HUMAN | Plaintiff Counsel | NO APPEARANCES |
| | VS | | |
| | ACOSTA INC | Defendant Counsel | |
| | NON-COMPLEX (12-17-09) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
12-24-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 12-24-09

John A. Clarke, Executive Officer/Clerk

By: _____
          K. HILAIRE

MORRIS AND ASSOCIATES
Stephen B. Morris, Esq.
444 West "C" Street, Suite 300
San Diego, California  92101

MINUTES ENTERED
12/17/09
COUNTY CLERK

**EXHIBIT A**
**Page 35**

NOTICE SENT TO:

Morris, Steven B.
Morris and Associates
444 West C Street, Suite 300
San Diego          CA   92101

**FILED** 

FILE STAMP
LOS ANGELES SUPERIOR COURT

DEC 2 9 2009

JOHN A. CLARKE, CLERK

*T. Cortez*

BY P. CORTEZ, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| LISA HUMAN | Plaintiff(s), | CASE NUMBER |
| | | BC426689 |
| VS. | | |
| ACOSTA INC | Defendant(s). | NOTICE OF CASE MANAGEMENT CONFERENCE |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>March 5, 2010</u> at <u>8:45 am</u> in Dept. <u>14</u> at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>December 29, 2009</u>

**TERRY A. GREEN, JUDGE**

Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: <u>December 29, 2009</u>

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**EXHIBIT A**
**Page 36**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 13 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNYA WESLEY

1  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3500
2  LOS ANGELES, CA 90071-2300
   TELEPHONE:    213.972.4500
   FACSIMILE:    213.486.0065
3
   JOHN G. YSLAS, CA BAR NO. 187324
   JEREMY C. WOODEN, CA BAR NO. 253088
4  ATTORNEYS FOR DEFENDANT ACOSTA, INC, A DELAWARE
   CORPORATION

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10                        CENTRAL DISTRICT

11  LISA HUMAN, an individual on behalf of    )  CASE NO: BC426689
    herself, and on behalf of all persons     )
12  similarly situated,                        )  DEFENDANT ACOSTA, INC.'S ANSWER
                                               )  TO COMPLAINT
13              PLAINTIFF,                      )
                                               )
14       VS.                                   )
                                               )
15  ACOSTA, INC., a Delaware Corporation       )
    conducting business in the State of        )  CASE FILED: NOVEMBER 23, 2009
16  California, and Does 1-10,                 )
                                               )
17              DEFENDANTS.                     )
                                               )
18  _____

19       Defendant, Acosta, Inc. ("Defendant"), hereby answers plaintiff Lisa Human's

20  Complaint on file herein as follows:

21                       **GENERAL DENIAL**

22       1.      Pursuant to California Code of Civil Procedure section 431.30(d),

23  Defendant denies generally and specifically each and every allegation contained in the

24  Complaint, and further denies plaintiff, or any putative class members, has or have

25  suffered any harm or damages, in any sum or sums, or at all.

26  ///

27  ///

28  ///

                                    1

JACK_1715427.1

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

### (Failure to State a Cause of Action)

2.    The Complaint, and each of its purported causes of action, fails to state facts sufficient to constitute a cause of action against the Defendant.

### Second Defense

### (Failure to State a Claim Upon Which Relief Can Be Granted)

3.    The allegations contained in plaintiff's Complaint, or any purported cause of action alleged therein, fail to state a claim upon which relief can be granted.

### Third Defense

### (Statute of Limitations)

4.    Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the applicable statute of limitations, including but not limited to common law, California Government Code section 12900, *et seq.*, and California Code of Civil Procedure sections 335 through 349 (including but not limited to sections 338(a) and 340), and California Business & Professions Code section 17208.

### Fourth Defense

### (Privileged and Justified Conduct)

5.    Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

### Fifth Defense

### (Workers' Compensation Preemption)

6.    To the extent plaintiff's Complaint, or any purported cause of action alleged therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under California Labor Code section 3602, *et seq.*

///

JACK_1715427.1

## Sixth Defense

### (Failure to Mitigate)

7.    Plaintiff, and any putative class members, had and continues to have the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this litigation, and she, or the putative class members, has failed and refused to mitigate the damages.

## Seventh Defense

### (Failure to Exhaust)

8.    Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred by her failure to exhaust all administrative remedies, including but not limited to, administrative remedies under the Private Attorney's General Act.

## Eighth Defense

### (Estoppel)

9.    Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that plaintiff is estopped by her conduct to claim any right to damages or relief against Defendant, and that any putative class members may be similarly estopped.

## Ninth Defense

### (Waiver)

10.    Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrine of waiver.

## Tenth Defense

### (Laches)

11.    Defendant is informed and believes and thereon alleges that plaintiff's causes of action are barred in whole or in part by the doctrine of laches, and that claims by putative class members may also be barred by laches.

///

///

JACK_1715427.1

## Eleventh Defense

### (Attorney's Fees)

12.    Defendant has engaged attorneys to represent it in the defense of plaintiff's frivolous, unfounded and unreasonable action and is thereby entitled to an award of reasonable attorney's fees pursuant to California Government Code section 12965 upon judgment in its favor.

## Twelfth Defense

### (After-Acquired Evidence)

13.    Defendant is informed and believes and thereon alleges that the Complaint is limited or subject to an absolute bar as to recoverable damages based on the after-acquired evidence Defendant has presently and/or may acquire during the course of this litigation.

## Thirteenth Defense

### (Good Faith Belief)

14.    Defendant is informed and believes and thereon alleges that the Complaint, and each and every purported cause of action set forth therein, is barred, in whole or in part, because actions taken with respect to Plaintiff's employment or putative class members, if any, were based on an honest, reasonable, good faith belief in the facts as known and understood at the time.

## Fourteenth Defense

### (Excuse)

15.    Defendant is informed and believes and thereon alleges that Plaintiff, her agents or attorneys, or putative class members, have expressly, impliedly or by operation of law excused Defendant from any obligations, if any, relating to the subject of the Complaint and each and every purported cause of action alleged therein.

## Fifteenth Defense

### (Business Necessity)

16.    Defendant is informed and believes and thereon alleges that its actions, if

4

JACK_1715427.1

1 | any, were required by business necessity.

2 | ### Sixteenth Defense

3 | **(Exemption from Overtime Laws, Including Administrative Exemption)**

4 |     17.    Defendant alleges that Plaintiff and putative class members are exempt

5 | from overtime laws.

6 | ### Seventeenth Defense

7 | **(Res Judicata and Collateral Estoppel)**

8 |     18.    Defendant is informed and believes and thereon alleges that the Complaint

9 | is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

10 | ### Eighteenth Defense

11 | **(Uncertainty)**

12 |     19.    Defendant is informed and believes and thereon alleges that the Complaint

13 | is barred in whole or in part because it cannot be ascertained from the Complaint the

14 | basis of any of the allegations stated therein.

15 | ### Nineteenth Defense

16 | **(Corrective and Preventative Measures)**

17 |     20.    Defendant is informed and believes and thereon alleges that the Complaint

18 | is barred in whole or in part because Defendant exercised reasonable care to prevent and

19 | promptly correct any and all of the alleged conduct purported to give rise to Plaintiff's

20 | claims or those of putative class members.

21 | ### Twentieth Defense

22 | **(Failure to Notify)**

23 |     21.    Defendant is informed and believes and thereon alleges that the Complaint

24 | is barred in whole or in part because Plaintiff and putative class members failed to take

25 | advantage of any preventative or corrective opportunities that Defendant provided for any

26 | and all of the alleged claims.

27 | ///

28 | ///

5

DEFENDANT ACOSTA, INC.'S ANSWER TO COMPLAINT
CASE NO. BC426689

**EXHIBIT A, Page 41**

## Twenty-First Defense

### (No Damages)

22.    Defendant is informed and believes and thereon alleges that the Complaint is barred in whole or in part because neither Plaintiff nor putative class members has or have suffered no damage by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendant.

## Twenty-Second Defense

### (Lack of Standing)

23.    Defendant is informed and believes and thereon alleges that the Complaint is barred in whole or in part for lack of standing.

## Twenty-Third Defense

### (Adequate Remedy at Law)

24.    Plaintiff is not entitled to a recovery of equitable relief because of the existence of an adequate remedy at law.

## Twenty-Fourth Defense

### (Accord and Satisfaction)

25.    Plaintiff's claims, and those of putative class members, are barred in whole or in part by the doctrine of accord and satisfaction, and payment.

## Twenty-Fifth Defense

### (Failure to Perform Conditions)

26.    Plaintiff and putative class members failed to perform the conditions necessary to give rise to any obligation on the part of Defendant for the payment of wages alleged in the Complaint.

## Twenty-Sixth Defense

### (Setoff and Recoupment)

27.    If any damages have been sustained by Plaintiff or putative class members, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments by Defendant to Plaintiff or putative

JACK_1715427.1

**EXHIBIT A, Page 42**

1   class members, and/or all obligations of Plaintiff or putative class members owed to

2   Defendant, against any judgment that may be entered against Defendant.

### Twenty-Seventh Defense

### (Excessive Fines)

5   28.    An award of statutory and/or civil penalties under the circumstances of this

6   case would constitute an excessive fine and otherwise would be in violation of

7   Defendant's due process and other rights under the United States and California

8   Constitutions.

### Twenty-Eighth Defense

### (Waiting Time Penalties)

11   29.    Defendants allege that the Complaint fails to state a claim for waiting time

12   penalties under Section 203 of the California Labor Code, the existence of which is

13   expressly denied.

### Twenty-Ninth Defense

### (Conduct Not Unjust, Arbitrary and Oppressive or Confiscatory)

16   30.    Plaintiff is not entitled to recover any statutory and/or civil penalties

17   because, under the circumstances of this case, any such recovery would be unjust,

18   arbitrary and oppressive, or confiscatory.

### Thirtieth Defense

### (Conduct Not Unfair)

21   31.    Defendant alleges that the wage and employment practices at issue in the

22   Complaint are not unfair within the meaning of California Business and Professions Code

23   section 17200.  Additionally, the utility of the practices outweigh any potential harm in

24   that there were business justifications for doing so, and any such potential harm can be

25   reasonably avoided.

### Thirty-First Defense

### (Conduct Not Unlawful)

28   32.    Defendant alleges that the wage and employment practices at issue in the

7

JACK_1715427.1

**EXHIBIT A, Page 43**

1  Complaint are not unlawful within the meaning of California Business and Professions

2  Code section 17200.

### Thirty-Second Defense

### (Substantial Compliance)

5      33.    Defendant alleges that the wage and employment practices at issue in the

6  Complaint were not unlawful, in that Defendant fully or substantially complied with all

7  applicable statutes and regulations, including the California Labor Code and the

8  applicable Industrial Welfare Commission Wage Order.

### Thirty-Third Defense

### (Ratification)

11      34.    Defendant alleges that this action is barred, in whole or in part, by the

12  doctrine of ratification.

### Thirty-Fourth Defense

### (Waiver of Rest Periods)

15      35.    Defendant alleges that this action is barred, in whole or in part, because

16  Plaintiff and putative class members, although requiring such is specifically denied,

17  waived rest periods.

### Thirty-Fifth Defense

### (Waiver of Meal Periods)

20      36.    Defendant alleges that this action is barred, in whole or in part, because

21  Plaintiff and putative class members, although requiring such is specifically denied,

22  waived meal periods.

### Thirty-Sixth Defense

### (Employees Authorized and Permitted to Take Meal and Rest Periods)

25      37.    Defendant alleges that they authorized and permitted employees to take

26  meal and rest periods in accordance with the applicable Industrial Welfare Commission

27  Wage Order.

28  ///

DEFENDANT ACOSTA, INC.'S ANSWER TO COMPLAINT
CASE NO. BC426689

JACK_1715427.1

**EXHIBIT A, Page 44**

## Thirty-Seventh Defense

### (No Conduct Attributable to Defendants)

38.    Defendant alleges that no conduct alleged by Plaintiff or putative class members is attributable to Defendant, either collectively or individually, and all alleged conduct is attributable to parties other than Defendant (although, again, Defendants presently deny any wrongful conduct took place and reserves all rights).

## Thirty-Eighth Defense

### (Proportional Liability)

39.    Defendant alleges that any alleged liability, which Defendant denies exists, is attributable only proportionally to Defendant, and such alleged liability, if any and which Defendant denies, is proportionally attributable to parties other than Defendant.

## Thirty-Ninth Defense

### (Not Appropriate for Class Action)

40.    Defendant asserts that Plaintiff's claims for a class action are overly broad and unduly vague, and that Plaintiff does not adequately represent the class alleged in the Complaint.

## Fortieth Defense

### (Lack of Standing)

42.    Plaintiff fails to satisfy the prerequisites for class certification and, therefore, lacks standing and cannot represent the interests of others as to each of the purported causes of action.

## Forty- First Defense

### (Lack of Standing)

43.    Plaintiff lacks standing to bring some or all of the claims brought pursuant to the California Labor Code and California Business & Professions Code § 17200 et seq., against Defendant.

///

///

JACK_1715427.1

1     **Forty-Second Defense**

2     **(Not Appropriate For Class Action)**

3         44.    The types of claims alleged by Plaintiff on behalf of herself and the alleged

4     class, the existence of which is expressly denied, are matters in which individual

5     questions predominate and, accordingly, are not appropriate for class action treatment.

6     **Forty-Third Defense**

7     **(Numerosity)**

8         45.    The Complaint fails, to the extent it asserts a class action, because the

9     alleged class Plaintiff purports to represent, the existence of which is expressly denied,

10    lacks numerosity.

11    **Forty-Fourth Defense**

12    **(Claims Not Common or Typical)**

13        46.    The claims alleged by Plaintiff are neither common to nor typical of those,

14    if any, of the alleged class Plaintiff purports to represent, the existence of which is

15    expressly denied.

16    **Forty-Fifth Defense**

17    **(Inadequate Representatives)**

18        47.    The Complaint fails, to the extent it asserts a class action, because Plaintiffs

19    are not adequate representatives of the purported class, the existence of which is

20    expressly denied.

21    **Forty-Sixth Defense**

22    **(Superiority)**

23        48.    A class claim under California Code of Civil Procedure § 382 and

24    California Business and Professions Code § 17200 *et seq.* is not maintainable for, among

25    other reasons, failure to satisfy the requirement of superiority.

26    **Forty-Seventh Defense**

27    **(Right to Assert Additional Affirmative Defenses)**

28        49.    Litigation is at an early stage and Defendant's investigation of the

10

JACK_1715427.1

**EXHIBIT A, Page 46**

1  allegations raised in plaintiff's Complaint is continuing.  Accordingly, Defendant

2  reserves the right to raise additional affirmative defenses.

3

4  DATE: JANUARY 13, 2010                    FOLEY & LARDNER LLP
                                            JOHN G. YSLAS
5                                           JEREMY C. WOODEN

6

7

8                                     By: _____
                                          JOHN G. YSLAS
9                                         ATTORNEYS FOR DEFENDANT ACOSTA,
                                          INC., A DELAWARE CORPORATION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JACK_1715427.1

**EXHIBIT A, Page 47**

1

## PROOF OF SERVICE

2   I am employed in the **County of Los Angeles, State of California**.  I am over the age of
    18 and not a party to this action; my current business address is *1111 6th Ave # 204*

3   *San Diego, CA. 92102*

4   On **January 13, 2010**, I served the foregoing document(s) described as: DEFENDANT
    ACOSTA, INC.'S ANSWER TO COMPLAINT on the interested parties in this

5   action as follows:

6   __X__     BY THE FOLLOWING MEANS:
            I placed an original enclosed in sealed envelope(s) addressed as follows:

7

    Stephen B. Morris, Esq.
8   Morris and Associates
    444 West C Street, Suite 300
9   San Diego, CA 92101

10

11  __X__     BY HAND DELIVERY.  I delivered the envelope(s) **by hand** to addressee(s).

12  __X__     Executed on **January 13, 2010**, at *San Diego,* **California**.

13  __X__         I declare under penalty of perjury under the laws of the State of California
                that the above is true and correct.
14  ____         I declare that I am employed in the office of a member of the bar of this
                court at whose direction the service was made.
15

16                              Signed: _____
                               Printed:
17                                      *Joshua Klarer*

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ACOSTA, INC.'S ANSWER TO COMPLAINT
CASE NO. BC426689

**EXHIBIT A, Page 48**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV10- 237 ODW (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>LISA HUMAN, an individual on behalf of herself and on behalf of all persons similarly situated | DEFENDANTS<br>ACOSTA, INC., a Delaware corporation conducting business in the State of California |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Stephen B. Morris, Morris and Associates<br>444 West C Street, Ste 300<br>San Diego, CA 92101 | Attorneys (If Known)<br><br>John G. Yslas, Foley & Lardner LLP<br>555 S. Flower Street, Ste 3500<br>Los Angeles, CA 90071-2411 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☑ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** In Excess of $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332, 1441, 1446 (Removal Based on Diversity & Class Action Fairness Act)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☑ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number:    **CV10- 00237**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
   ☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
   ☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware (place of incorporation) & Florida (principal place of business) |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date  January 13, 2010

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |